GUBERMAN v. MULLINS et al.

(Supreme Court, Appellate Term. January 5, 1912.)

1. LANDLORD AND TENANT (§ 184*)—DEPOSIT AS SECURITY—ACTION TO RECOVER—PLEADING AND PROOF.

In an action by a former tenant to recover a sum deposited as security on the making of the lease, proof of use and occupation of the premises for four or five days after the expiration of the term and an election by defendant, the landlord, to hold the plaintiff on an implied renewal of the lease for the succeeding year, is not admissible under a general denial.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 184.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LANDLORD AND TENANT (§ 184*)—TERMS FOR YEARS—DAMAGES—DEPOSIT.
    Where a deposit was made by a lessee as security for actual damages, the lessor is entitled to retain such security only upon a showing that the lease is still in existence and upon proof of actual damages up to the amount of the deposit.
    [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 184.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Jacob Guberman against Dennis Mullins and another. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued December term, 1911, before SEABURY, LEHMAN, and PAGE, JJ.

Reuben Dorfman, for appellant.

Samuel Manheimer (Charles Frankel, of counsel), for respondents.

LEHMAN, J. The plaintiff has brought an action to recover the sum of $40 deposited as security upon the making of a lease. The pleadings were oral, and the defendants' answer was a general denial and a counterclaim for $80.

[1] At the trial the plaintiff showed that he entered into a lease of certain premises belonging to defendants, that the term has expired, that he paid his rent in full during the period of the lease, and that he has vacated the premises. None of these facts are denied by the defendants; but the defendants claim, and the trial justice has held, that the plaintiff vacated the premises only five days after the term had expired. Of course, this evidence was not competent under the issues raised by the general denial.

[2] The deposit was security only for actual damages, and the defendants can retain the security only if the lease is still in existence, or upon proof of actual damages up to the amount of the deposit. While there is proof showing use and occupation of the premises for four or five days after the expiration of the term, this proof is insufficient to allow the defendants to retain a whole month's rent as their damages. The judgment in favor of the defendants is therefore erroneous, unless the defendants have affirmatively shown that they have elected to hold the plaintiff upon an implied renewal of the lease for the succeeding year. Even under the loose proof sometimes permitted under oral pleadings in the Municipal Court, such proof can certainly not be admitted under a general denial. It was admissible only to prove the defendants' counterclaim for two months' rent accruing after the expiration of the term. The defendants, however, at the trial withdrew their counterclaim, and it was then the duty of the trial justice to give judgment for the plaintiff.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes